IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 13-17-01 |
| | ) | |
| CHRISTOPHER BRADDOCK, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Defendant Christopher Braddock ("Braddock") filed a pro se motion for "early parole," which the court interprets as a motion for early termination of his supervised release. (ECF No. 58). Braddock asserts that he has been a model citizen since 2011 and recently finished two years of welding trade school. He is now looking for work in his new trade to support his family and four small children. Braddock seeks an early end to his supervision because he believes that he needs to have the ability to travel without limitations to get a job.

The government filed a response in opposition to the motion. (ECF No. 61). Braddock was convicted of possession of a firearm by a convicted felon and sentenced in July 2014 to six months at the Renewal Center and four years of supervised release. He has approximately eighteen months remaining on his term of supervised release. The government commends Braddock for complying with his conditions of release, improving his education and searching for a better job, but points out that such compliance is not "exceptional."[1] The government

---

[1] The statute governing termination of supervised release, 18 U.S.C. § 3583(e)(1), requires the court to consider the §3553(a) factors. Generally, early termination of supervised release should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it. *United States v. Frezzell*, No. CR 06-391, 2016 WL 406268, at *2 (W.D. Pa. Feb. 3, 2016).

1

accurately observes that Braddock has not specified an actual restriction and contends that the probation office can modify the conditions of his supervision to allow him to travel for work. The government is concerned, given Braddock's criminal and substance abuse history, that early termination of supervision may present an unwarranted risk to the progress Braddock has made.

The court agrees with the government. Braddock did not provide a persuasive reason to completely terminate his supervised release or explain why modification of his conditions would not be possible and effective to enable him to obtain employment in the welding trade.

In accordance with the foregoing, Braddock's motion for early termination of his supervised release (ECF No. 58) is DENIED WITHOUT PREJUDICE.

SO ORDERED this 29th day of November, 2017.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge